**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,**       ) | |
|                   ) | |
|      **Plaintiff,**          ) | |
|                   ) | **No. 4:20-CR-00405-UNA** |
| **v.**                           ) | |
|                   ) | |
| **MICHAEL FEIN,**           ) | |
|                   ) | |
|      **Defendant.**         ) | |

## MOTION FOR IMMEDIATE RELIGIOUS AND MEDICAL ACCOMODATIONS DURING PRETRIAL DETENTION

Defendant Michael Fein ("Fein"), by and through undersigned counsel, Justin K. Gelfand, Dustin Goldberger and the law firm Margulis, Gelfand, DiRuzzo & Lambson, respectfully moves this Court for an Order directing the United States Marshals Service to provide reasonable religious accommodations necessary to permit Fein to practice his faith and to receive medically necessary treatment while detained. Fein has multiple sclerosis and is under the care of a neurologist and team of healthcare professionals. He is also an orthodox jew. As such, he needs access to Glatt Kosher meal plans including fatty foods to take with his medication at the appropriate times pursuant to the advice of his treating neurologist. And he needs access to tefillin at prayer times, regardless of whether he has access to tefillin at other times and regardless of where within the facility he has access to tefillin. These accommodations are not only required by the First Amendment to the U.S. Constitution, longstanding precedent in this judicial circuit, and a federal statute; they were a premise upon which Israel agreed to extradite Fein in the first place. *See* Exhibit 1 (Letter from the Ministry of Heritage in Israel).

Fein was extradited from Israel and arrived at the Pulaski County Jail on the evening of June 24, 2026. These issues were raised with the U.S. Marshals Service and the Department of Justice prior to him being taken into custody by U.S. authorities. While en route to the Pulaski County Jail, the U.S. Marshals Service offered him a non-Kosher sandwich and no other food. He politely declined.

Since arriving at the Pulaski County Jail, Fein has not been provided accommodations necessary to permit him to practice his sincerely held religious beliefs or to receive medically necessary treatment. Fein is an observant orthodox jew. His sincerely held religious beliefs require that he consume only Glatt kosher meals and require the daily use of tefillin during prayer. These religious practices are not matters of personal preference but are mandatory tenets of Fein's faith.

Fein also suffers from Relapsing-Remitting Multiple Sclerosis ("RRMS"), a chronic autoimmune disease in which the immune system attacks the central nervous system, disrupting communication between the brain and the rest of the body. As a result of this condition, Fein experiences impaired mobility and requires ongoing medical treatment and monitoring. Fein has been prescribed medication for his multiple sclerosis that must be taken twice daily with fatty food in order to ensure proper absorption and effectiveness. Because Fein has not been provided food that complies with his religious beliefs, he has been unable to take his medication as prescribed. Fein is therefore faced with an impossible and unconstitutional choice: either violate the fundamental tenets of his faith by consuming non-Glatt kosher food or forego medically necessary treatment for a serious neurological condition. No incarcerated individual—let alone one in pretrial custody who is by law presumed innocent—should be forced to choose between exercising sincerely held religious beliefs and receiving necessary medical care.

2

Counsel immediately attempted to resolve this issue without court intervention including in advance of when Fein was even in the custody of the U.S. Marshals Service. On the evening of Fein's arrival, a local rabbi (or his designee) attempted to deliver compliant Glatt kosher meals to the jail at Fein's expense. Jail personnel refused to permit the meals to be delivered. Fein remains willing to bear any reasonable cost associated with obtaining compliant Glatt kosher meals if necessary, though that burden should really fall on the U.S. Marshals Service as he is being held over his objection.

It is well established that incarcerated individuals retain constitutional protections for the free exercise of religion. The Eighth Circuit has expressly recognized that "prison inmates are entitled to reasonable accommodation of their religious dietary needs." *Love v. Reed*, 216 F.3d 682, 689 (8th Cir. 2000). There, prison officials refused to accommodate an inmate's religious dietary practices, and the court concluded that the refusal substantially burdened the inmate's exercise of religion in violation of the Constitution. Likewise, in *Fegans v. Norris*, 537 F.3d 897 (8th Cir. 2008), the Eighth Circuit affirmed relief arising from prison officials' refusal to provide a Jewish inmate with kosher meals consistent with his sincerely held religious beliefs. The federal Bureau of Prisons has further recognized the necessity of providing kosher meals as a reasonable religious accommodation. As explained by the Eighth Circuit in *Patel v. U.S. Bureau of Prisons*, 515 F.3d 807, 810 (8th Cir. 2008), the Bureau developed its Common Fare Program after determining that kosher meals satisfy the most restrictive religious dietary requirements and therefore appropriately accommodate numerous faith traditions.

The accommodations Fein requests are narrow, reasonable, and readily achievable. Fein asks only that he be provided meals consistent with the requirements of a Glatt kosher diet, or alternatively that compliant meals be permitted to be delivered by an approved outside source at

3

Fein's expense. "Glatt kosher" refers to meat from animals whose lungs were found to be smooth and free of certain defects during kosher inspection. More broadly, the term is commonly understood to denote adherence to a particularly stringent standard of kashrut, or Jewish dietary law.

Fein further requests permission to possess and use tefillin for daily prayer, subject to any reasonable security procedures deemed necessary by the jail. His request for a tefillin is likewise neither novel nor burdensome. Tefillin are worn by observant Jewish men during weekday morning prayers as a required component of their religious practice. Organizations dedicated to serving incarcerated Jewish individuals, such as the Aleph Institute, regularly assist correctional institutions by providing tefillin and other religious articles to eligible inmates at no cost and facilitating inmates' ability to practice their faith while incarcerated. The availability of these established resources further demonstrates that accommodating Fein's request is both practical and consistent with longstanding correctional practices.

Courts have recognized that reasonable accommodations can be made to permit incarcerated individuals to use tefillin while addressing legitimate security concerns. In *Gutman v. Wriggelsworth*, the court concluded that permitting the plaintiff to use tefillin in the presence of a rabbi "was a reasonable and constitutional compromise that accommodated Plaintiff's right to practice his religion while only minimally impacting the jail's legitimate penological interests." *Gutman v. Wriggelsworth*, No. 1:09-CV-628, 2012 WL 7060704, at *6 (W.D. Mich. Oct. 9, 2012), report and recommendation adopted, 2013 WL 504231 (W.D. Mich. Feb. 12, 2013); *see also Estes v. Virginia Dep't of Corr.*, 7:22-CV-277, 2023 WL 4676860, at *6 (W.D. Va. July 21, 2023) (recognizing prison policy permitting inmate access to tefillin through controlled storage and distribution procedures); *Searles v. Bruce*, 01-3379-JTM, 2003 WL 23573643, at *3 (D. Kan. Oct.

4

20, 2003) (noting that, after consultation with a rabbi, prison officials permitted segregated inmates to use tefillin subject to security procedures requiring the tefillin to be returned to secure storage after prayer); *Garcia v. Godinez*, No. 15-CV-00530-JPG, 2015 WL 3619814, at *2–3 (S.D. Ill. June 10, 2015) (describing Illinois Department of Corrections policy permitting Jewish inmates to purchase tefillin, storing the tefillin in the chaplain's office, and issuing inmates call passes to use tefillin during daily morning prayers).

These accommodations impose little burden on the facility while protecting Fein's constitutional rights and ensuring he receives medically necessary treatment. Every day Fein is denied these accommodations, he is forced to choose between abandoning his sincerely held religious beliefs and foregoing medically necessary medication prescribed to treat a serious neurological disease. The Constitution does not require—and indeed prohibits—such a choice. Fein has the right to adequate medical care, a diet that conforms with his religious practices, and access to tefillin.

WHEREFORE, Fein respectfully requests that this Court enter an Order directing the U.S. Marshals Service to:

1. Immediately provide Fein with meals that comply with the requirements of a Glatt kosher diet;

2. Permit Fein to possess and use tefillin during daily prayer, subject to reasonable institutional security procedures; and

3. Grant such other and further relief as this Court deems just and proper.


Respectfully submitted,

**Margulis Gelfand, LLC**

*/s/ Justin K. Gelfand*

JUSTIN K. GELFAND
7700 Bonhomme Ave., Ste. 750
St. Louis, MO 63105
Telephone: 314.390.0234
Facsimile: 314.485.2264
justin@margulisgelfand.com
*Counsel for Defendant*

**Certificate of Service**

I hereby certify that the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon the Office of the United States Attorney.

 /s/ Justin K. Gelfand
JUSTIN K. GELFAND
7700 Bonhomme Ave., Ste. 750
St. Louis, MO 63105
Telephone: 314.390.0234
Facsimile: 314.485.2264
justin@margulisgelfand.com
*Counsel for Defendant*

7