**EXHIBIT**

**1**

exhibitsticker.com



משרד המורשת
**Ministry of Heritage**

בס"ד

י"א/תמוז/תשפ"ו

June 26, 2026

The Honorable Judges of the United States District Court
Eastern District of Missouri

## Re: Conditions of Detention of Michael Fein - Religious Accommodation

**Your Honors,**

**I write in my capacity as Minister of Heritage of the State of Israel regarding the conditions of detention of Mr. Michael Fein, who was extradited from Israel to the United States pursuant to the bilateral extradition treaty between our two nations. The final extradition order was approved by the undersigned on May 14, 2026, and Mr. Fein was transferred to U.S. custody on June 25, 2026**

The decision to approve the extradition was made in full recognition of the strong legal cooperation between Israel and the United States. It was, however, predicated upon a clear understanding that Mr. Fein's fundamental right to observe his Orthodox Jewish faith would not be impaired during the pendency of legal proceedings. This understanding formed an integral part of the basis upon which the extradition order was issued.

It has come to my attention that since his arrival at the detention facility in St. Louis, Mr. Fein has been unable to eat for approximately two days. His request for kosher food was met with the provision of Halal-certified meals, accompanied by the suggestion that such meals are an adequate substitute. They are not. Kosher dietary laws (Kashrut) and Islamic Halal standards are governed by entirely different religious frameworks, with distinct requirements regarding animal slaughter, food preparation, supervision, and permissible ingredients. Treating them as equivalent is factually incorrect and religiously untenable.

Additionally, Mr. Fein has been denied access to his tefillin (phylacteries) and has not been permitted to conduct daily prayer in accordance with Orthodox Jewish practice.

The Religious Land Use and Institutionalized Persons Act (42 U.S.C. § 2000cc) prohibits the imposition of a substantial burden on the religious exercise of an institutionalized person unless the government demonstrates that the burden furthers a compelling governmental interest by the least restrictive means. Federal courts have consistently held that the denial of religiously compliant meals to detained persons with sincerely held religious beliefs constitutes a substantial burden under RLUIPA.



**משרד המורשת**
**Ministry of Heritage**

The First Amendment to the United States Constitution further protects the free exercise of religion, a right that does not cease at the doors of a detention facility.

I respectfully urge the Court to direct that the following measures be taken without delay:

That Mr. Fein be provided with food that is certified kosher under recognized rabbinical supervision, consistent with Orthodox Jewish dietary requirements.

That Mr. Fein be granted access to his tefillin and be permitted to observe daily prayer and Sabbath observance in accordance with his faith.

That appropriate arrangements be made to ensure ongoing compliance with these religious accommodations for the duration of his detention.

The State of Israel extradited Mr. Fein in a demonstration of trust and cooperation with the United States judicial system. The preservation of a detainee's basic religious rights is not a matter of convenience or discretion - it is a legal obligation under the laws of the United States itself. The current conditions undermine both the specific assurances upon which the extradition was granted and the broader principles of religious freedom that the United States has long championed.

I trust that the Court will act to ensure that Mr. Fein's rights are protected in accordance with applicable law.

Respectfully submitted,

**Rabbi Amichai Eliyahu**
**Minister of Heritage**
**State of Israel**